# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Lecrew Licensing LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Xperi Corporation,**<br><br>Defendant. | Case No.<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lecrew Licensing LLC ("Plaintiff"), through its attorneys, complains of Xperi Corporation ("Defendant"), and alleges the following:

### PARTIES

A. Plaintiff Lecrew Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6001 W Parker Ln., Ste 370-1178, Austing, TX 78727.

B. Defendant is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 3025 Orchard Parkway, San Jose CA 95134-2017. Plaintiff can be served through its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St, Wilmington, DE, 19801.

### 1.   JURISDICTION

C. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

D. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

E.  This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

F.  Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and is incorporated in this District. In addition, Plaintiff has suffered harm in this district.

## PATENT-IN-SUIT

G.  Plaintiff is the assignee of all right, title and interest in United States Patent No. 9,516,370 (the "'370 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '370 Patent

H.  The '370 Patent is entitled "Method, device, and system for directing a wireless speaker from a mobile phone to receive and render a playlist from a content server on the internet," and issued December 6, 2016. The application leading to the '370 Patent was filed on June 23, 2014. A true and correct copy of the '370 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

I.  The '370 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '370 PATENT

J.  Plaintiff incorporates the above paragraphs herein by reference.

K.  **Direct Infringement.** Defendant has directly infringed at least claim 1 of the '370 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe claim 1 of the '370 Patent also identified in the charts incorporated into this Count below literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '370 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

L.  Defendant also has directly infringed, literally or under the doctrine of equivalents, claim 1 of the '370 Patent, by having its employees internally test and use these Exemplary Products.

M.  Exhibit 2 includes a claim chart comparing claim 1 to the Exemplary Defendant Products.  As set forth in this chart, the Exemplary Defendant Products practice the technology claimed by the '370 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements claim 4 of the '370 Patent.

N.  Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

O.  Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

P.  Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## 2. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

- A. A judgment that the '370 Patent is valid and enforceable;

- B. A judgment that Defendant has infringed one or more claims of the '370 Patent;

- C. An accounting of all damages not presented at trial;

- D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement and, with respect to the '370 patent including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

- E. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

    - i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    - ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    - iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: May 26, 2021            Respectfully submitted,

*/s/ Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (877) 796-4627
Email: chong@chonglawfirm.com

**Counsel for Plaintiff**
**Lecrew Licensing LLC**